# SUPERIOR COURT

Manuel Raposa Arazo
vs.  } No. 3485.
Andrew Walker, Administrator

RESCRIPT

February 16, 1925

BAKER, J. Heard on defendant's motion for a new trial based on the usual grounds.

In this case the jury returned a verdict for the plaintiff in the sum of $2774.22.

The case is an action brought on the common counts for money expended, services rendered and goods furnished to one Mary L. Russell during her lifetime and is brought against the defendant as administrator of her estate.

The claim of the plaintiff is that for the nine years preceding the death of the said Mary L. Russell, he lived with her, furnished her with food, heat, light and other necessaries, expended money on her behalf and performed certain services for her upon the express understanding that when she died he should receive her estate. She died intestate and her property therefore went to her heirs-at-law.

The plaintiff's case is based largely on his own testimony of statements made by Mrs. Russell and on a certain letter written to him by Mrs. Russell a considerable time prior to his going to live with her, which letter tends to show her state of mind toward the plaintiff, at least at the time it was written. It is also undisputed that the plaintiff did live with the deceased during the nine years prior to her death and did render her services and supply her with necessaries. He contends that the services were not rendered gratuitously, but that what he did was done with the distinct understanding that he was to be recompensed therefor by her.

On behalf of the defendant testimony was introduced which tended to show that there was no such promise as the plaintiff claims. This testimony was based chiefly on statements which it is said the plaintiff and the deceased had made at different times. The making of most of such statements was denied by the plaintiff. The defendant also claims that the circumstances of the case and the probabilities show that there was no such express understanding as the plaintiff is contending for.

The defendant argues that while the plaintiff did live with the deceased for the nine years prior to her death, the arrangement merely was that he should have the use of her barn and about four acres of land rent free, that he could live in the deceased's house and that she would do his cooking, washing and mending, and that in return for this he was to take care of her and provide her with necessaries during the rest of her life, but that there was no understanding as to the property itself.

On these two conflicting lines of testimony an issue was raised for the jury as to what the understanding between the plaintiff and the deceased was when he went there to live with her.

It is undisputed that the plaintiff did live on the place for nine years and did furnish the necessaries for the house and did occupy the barn and till the land. The facts also show that while the heirs-at-law visited Mrs. Russell occasionally and had knowledge of the fact that plaintiff was living with her and conducting the farm, none of them ever took occasion to find out with any definiteness what the arrangement or understanding between Mrs. Russell and the plaintiff was.

After considering all the evidence, the Court does not feel that it can say that the weight of the testimony is against the verdict of the jury that the plaintiff is entitled to recover for what he did for the deceased, she having died intestate. In the judgment of the Court, the evidence on this question is sufficient to support the jury's finding.

The chief difficulty in the case is in regard to the amount of the verdict.

The plaintiff's claim as disclosed by his bill of particulars consists of three parts. It seems to the Court that his allowance for performing services for the deceased and his charge of $5 a week for furnishing her with food and her share of the heat and light is very reasonable under all the circumstances. Neither is it disputed that he paid out the money he claims on her account. It would appear, therefore, that the plaintiff should be allowed the amount he has set out in his bill of particulars, namely, $2774.22. The defendant, however, has filed a plea in set-off.

It is agreed that the plaintiff occupied a room in Mrs. Russell's house, used her barn for keeping his own team and horse s in, and made such use of the four acres in the way of raising farm products as he saw fit, and if there was any profit from the farming operations, he derived the benefit, although such profit in the nature of things could not have been much, particularly as the plaintiff devoted part of his time to teaming, which was his regular occupation. Taking these facts into consideration, however, if the plaintiff is to recover from the estate of Mrs. Russell for the necessaries furnished her and for services performed for her and for money expended, it would seem only just and proper that some allowance be made her estate for the use and occupation of the barn and land in question and for such services as she may have rendered plaintiff while he was living with her.

After considering the testimony on this question the Court has come to the conclusion that the defendant as administrator of Mrs. Russell's estate should be allowed to set off against the plaintiff's claim the sum of $100 a year for 9 years, in all $900, by way of recompense for use and occupation of Mrs. Russell's property by the plaintiff and for such household services as she may have rendered him.

The Court is of the opinion, therefore, that the verdict of the jury should be reduced by the sum of $900 and that a verdict for the plaintiff for $1874.22 would more nearly do justice between the parties and respond to the true merits of the case than the verdict as rendered.

If, therefore, within four days of the date of the filing hereof the plaintiff remits all of his verdict in excess of the sum of $1874.22 the defendant's motion for a new trial is denied, otherwise it is granted.

For plaintiff: Robert M. Franklin.
For defendant: Sheffield & Harvey.